MacLeod-Mancuso, Bonnie H., J.

INTRODUCTION

This action arises from a civil action that the plaintiff, Eugene Cormier (“Cormier"), has brought for defamation. Cormier specifically alleges that the defendants, Robert MacDow, Dennis A. Ayotte, Daniel Fallon, and Regina Timmerman (collectively, “the Defendants”), while organizing a tenant’s association to address grievances regarding the management of a home trailer park in Foxboro, slandered and libeled him in his capacity as the Norfolk Trailer Park’s manager. The Defendants now move pursuant to G.L.c. 231, §59H, the Commonwealth’s Strategic Litigation Against Public Participation (“anti-SLAPP”) statute, to dismiss Cormier’s complaint, asserting that his defamation claims against them are based solely on their petitioning activities and have no substantial basis outside of those petitioning activities. For the following reasons, the Defendants’ Special Motion to Dismiss Cormier’s complaint is ALLOWED.

BACKGROUND

The Norfolk Trailer Park (“Norfolk Park”) is a manufactured home community located at 131 Washington Street in the Town of Foxboro (“the Town”). Since 1999, Cormier has served as the Trustee of the Norfolk Trailer Park Trust and as Norfolk Park’s landlord.
On June 11, 2006, the Defendants, all tenants of Norfolk Park, held a meeting to address the need for forming a tenant’s association at Norfolk Park for all of its residents. The Defendants unanimously concluded that a tenant’s association was needed to redress recurring issues with Norfolk Park management. They further determined that a tenant’s association was necessary to represent all homeowners’ interests that might arise with the Town. Soon thereafter, on June 15, 2006, the Defendants formed the Norfolk Park Association (“the Association”), naming themselves as specific officers and providing written notice thereof to Cormier at his home address in North Reading.
On or about October 7, 2006, the Association sent an open letter to all Norfolk Park residents discussing several points of interest, including: rent control, electrical problems, and Cormier’s proposal to install water meters on Norfolk Park property through a permit with the Town. The letter informed the tenants that if the water meters were installed, every lot owner would incur a flat fee for both water and sewage, but that these charges did not include taxes. It further stated that despite Cormier’s intentions to withhold any rent increases at that time to accommodate for the installation of the water meters, Cormier anticipated that rents would substantially increase the following year. The Association’s concerns about the water meter installation, coupled with questions concerning the legality of Cormier’s actions up until that time,[2] prompted the Defendants to solicit the help of the Attorney General’s (AG’s) Office. The outcome of the communications with the AG’s Office were also included in the Association's open letter to its residents. Finally, the letter encouraged all Norfolk Park residents to bring any grievances they had with the management of Norfolk Park to the attention of the Association in the hopes that it could get them redressed.
Based on the Association’s open letter, Cormier commenced this defamation lawsuit. The Defendant then filed the special motion to dismiss that is now before this court.

DISCUSSION

The Commonwealth’s anti-SLAPP statute was enacted to dispose of “nonmeritorious lawsuitfs] designed to intimidate or silence an opposing party.” Office One, Inc. v. Lopez, 437 Mass. 113, 121 (2002). The statute provides that “[i]n any case in which a party asserts that the civil claims, counterclaims, or cross-claims against said party are based on said party’s exercise of its right of petition under the constitution of the United States or of the Commonwealth, said party may file a special motion to dismiss.” G.L.c. 231, §59H.
The standard of review for a special motion to dismiss differs from Mass.R.Civ.P. 12(b)(6); that is, the moving party need not show that the plaintiff cannot possibly recover under the most liberal reading of the alleged facts. See MacDonald v. Paton, 57 Mass.App.Ct. 219, 295 (2003). Cf. Nader v. Citron, 372 Mass. 96, 98 (1977) (under Rule 12(b)(6), “[the] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,” quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Instead, “the special movant need show, as a threshold matter, through plead- *740 tags and affidavits, that the claims against it are, in fact, ‘based on’ its petitioning activities alone and have no substantial basis other than or in addition to its petitioning activities." Lopez, 437 Mass. at 122 (emphasis added), citing Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-68 (1998). If the special movant meets this initial threshold showing, the burden then shifts to the non-moving party to show that his claim should be preserved because: (1) the petitioning activities were devoid of any reasonable factual support or any arguable basis in law; and (2) the petitioning activity caused the non-movant actual harm. Baker v. Parsons, 434 Mass. 543, 553 (2001).
After reviewing the complaint, this court finds that the Defendants’ special motion to dismiss must be allowed. As a threshold matter, the Defendants have demonstrated that Cormier’s defamation claims against them are based solely on their right to petition, which showing then shifts the burden to Cormier pursuant to Baker. For the following reasons, Cormier has not met his burden.
The entirety of the pleadings show that Cormier’s claims are based entirely on the Defendants’ petitioning activities. Cormier’s complaint states that the Defendants libeled and slandered him by specifically stating the following through the Association’s open letter to Norfolk Park residents:
(a) That the Attorney General and Diane Lawton indicated loud and clear that the rights of the homeowners were violated in the process to install water meters;
(b) That Ms. Lawton said Cormier’s actions were illegal;
(c) That [Cormier] and the manager (agent of Corm-ier) have been caught in lie after lie;
(d) That the Association has done its homework catching them in their false statements;
(e) There are currently ongoing investigations of both [Cormier and Cormier’s manager] of the Norfolk Park at the local, state and federal levels;
(f) Their illegal actions and those of some of their supporters have been duly noted by the authorities;
(g) People are concerned with the methods used to force people to sign petitions;
(h) [Cormier] uses scare tactics in his correspondence with residents.
These statements are not defamatory, especially when they are examined within the context in which they were made. These statements were made in the Association’s open letter with the intent that they would influence, inform and direct Norfolk Park residents into action to redress any grievances they had with respect to the management of Norfolk Park by Cormier. As such, this case is entirely inapposite to, and distinguishable factually, from Global Naps, Inc. v. Verizon New England, Inc., 63 Mass.App.Ct. 600 (2005) on which Cormier relies.
In Global Naps, the Appeals Court affirmed the trial court judge’s decision denying a special motion to dismiss a defamation action because the defendant failed to demonstrate that the statement in question was made “in connection with” its petitioning rights. Id. at 605-07. There, an employee of the defendant was alleged to have told a newspaper reporter that the plaintiff was engaging in “scam” operations. Id. at 601. The Appeals Court examined the anti-SLAPP statute’s definition of the term “a party’s exercise of its right of petition” within this context and concluded that the statement was not protected by the statute because it was a “tangential statement[ ] intended, at most, to influence public opinion in a general way unrelated to governmental involvement.” Id. at 607. A totally different scenario is presented here.
First, the Defendants here formed the Association after becoming disgruntled with Norfolk Park management and the effect it was having upon them as residents of the Park. Nothing precluded them from forming such an Association; instead, their constitutional rights conferred this right upon them. See U.S. Const., 1st Amendment; Mass. Declaration of Rights, Art. 19 (“[t]he people have a right, in an orderly, and peaceable manner, to assemble to consult upon the common good; give instructions to their representatives, and to request of the legislative body, by the way of addresses, petition, or remonstrances, redress of the wrongs done them, and of the grievances they suffer”). Moreover, the Defendants had the right to form a tenant’s union and to subsequently be free from governmental intrusions in managing the Association thereafter. See G.L.c. 186, §18.
Second, unlike Global Naps, where the alleged defamatory statement was made to a newspaper reporter who thereafter printed the statement in a newspaper available to the entire reading public, the open letter here was directed to Norfolk Park residents. Additionally, in publishing the letter to Norfolk Park residents, the Defendants were advising them to bring any grievances they had that were not addressed in the letter to the Association, so as to consolidate their petitioning efforts. Thus, this court finds that these facts are inapposite to Global Naps because the statements here were not made to “influence public opinion in a general way unrelated to governmental involvement.” Id. at 607. Rather, when taken in this context, these statements were made to effectuate the entire purpose behind the Defendants’ petitioning rights under the anti-SLAPP statute specifically “to enlist public participation in an effort to effect” those rights and to be heard by appropriate government agencies. G.L.c. 231, §59H.
Finally, Cormier’s efforts in filing this defamation lawsuit is precisely the reason why G.L.c. 231, §59H was enacted, that is, to dispose of “nonmeritorious *741 lawsuit[s] designed to intimidate or silence an opposing party.” Lopez, 437 Mass. at 121. The purpose of anti-SLAPP legislation is to protect the citizens of this Commonwealth from baseless allegations deriving solely from their petitioning rights. As a public policy matter, it is axiomatic that by exercising one’s right to petition under G.L.c. 231, §59H, defamation claims may arise simply because of the nature of the petitioning activity itself. That stated, however, the test to survive special motions to dismiss premised on these principles is not new. The alleged statements here arise entirely from Defendants’ petitioning activities, and because Cormier cannot demonstrate by a preponderance of the evidence that those petitioning activities were devoid of any reasonable factual support or any arguable basis in law, his complaint must be dismissed. See Baker, 434 Mass. at 553.

ORDER

For the foregoing reasons, the Defendants’ Special Motion to Dismiss is ALLOWED.

Beyond the issues that surrounded the installation of the water meters, the Defendant’s affidavit states, inter alia, that: Cormier never filed the Norfolk Park rules with the AG’s Office; persistent electrical problems existed on the property; major rule changes occurred without adequate notice to or attendance by Norfolk Park residents even after the Association was formed; and Cormier failed to fully recognize and accept the Association’s legitimacy.